Honorable _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT RAY ENRIQUEZ,

                              Plaintiff,

v.

CITY OF McCLEARY, a municipal
corporation; Police Officer RANDY
BUNCH, in his individual and official
capacity, and Chief of Police, GEORGE
CRUMB, in his individual and official
capacity.

                              Defendants.

No.

COMPLAINT FOR DAMAGES FOR
VIOLATION OF CIVIL RIGHTS (42
U.S.C. δ1983) AND CLAIMS ARISING
UNDER STATE LAW

(DEMAND FOR JURY TRIAL)

## I.      **INTRODUCTION**

1.   The Plaintiff, Robert Ray Enriquez, brings this action for damages resulting
from his unlawful arrest, on or about January 19, 2012.  Plaintiff's action is
against the City of McCleary (a municipality); its Chief of Police, George
Crumb (in his individual and official capacity); and the arresting officer,
Randy Bunch (in his individual and official capacity).  Plaintiff claims—
pursuant to 42 U.S.C. δ 1983—that his federal civil rights were violated by

THE LEVINE LAW FIRM, PLLC
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
levine_law@comcast.net

the defendants.    Plaintiff also brings various claims arising under Washington common law.

## II.    PARTIES

2.  Defendant CITY OF MCCLEARY is a municipal corporation duly organized and existing under the laws of the State of Washington and a "person" subject to suit within the meaning of 42 U.S.C. δ 1983.  The City is vested with supervision of the City of McCleary Police Department and its police officers.

3.  Chief GEORGE CRUMB is sued in his individual and official capacity. Defendant GEORGE CRUMB was, at all relevant times, the Chief of Police for the CITY OF McCLEARY.  As Chief of Police, on information and belief, he was responsible for establishing and implementing the policies, customs and procedures of the police department.  He was ultimately responsible for the supervision of all police officers under his command. He was the head of the Department's disciplinary system.

4.  Defendant police officer RANDY BUNCH is sued as an individual and in his official capacity.  Officer Bunch is and was at all relevant times employed as a police officer by the CITY of McCLEARY and committed the acts complained of herein, in violation of clearly established federal law, clothed with the authority and power of state law, while acting within the scope and course of his official duties as police officer.

5.  Plaintiff ROBERT ENRIQUEZ, is a citizen of the United States and Washington State.

6.  Plaintiff hereby demands a jury trial.

COMPLAINT FOR DAMAGES-2

### III.  JURISDICTION AND VENUE

7.  This is a civil action under 42 U.S.C. §1983 against Defendants for committing acts, under color of state law, which deprived Plaintiff of his rights secured under the Constitution and laws of the United States; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

8.  This case arises under the United States Constitution and 42 U.S.C §'s 1983 and 1988, as amended.  This court has jurisdiction over such claims pursuant to 28 U.S.C. 1331 and 1343.

9.  This case alleges causes of action under Washington law.  This Court has supplemental jurisdiction over such state law claims pursuant to 28 U.S.C. § 1367.

10. For the following reasons, this Court is an appropriate venue for this cause of action, pursuant to 28 U.S.C. 1391(b)(1) and (b)(2): The acts and omissions giving rise to Plaintiff's claims occurred in a municipality which is located and regularly conducts its affairs in this judicial district.  The individual defendants were, at all times relevant to Plaintiff's claims, employed with the City of McCleary in this judicial district. The evidence and law enforcement records relevant to Plaintiff's claims are maintained in this judicial district.  Plaintiff  was employed in this judicial district as a Fire Commissioner with the City of McCleary, and a Firefighter with the Tacoma Fire Department, and but for his unlawful arrest which gave rise to this lawsuit, he would continue to be so employed.  Plaintiff currently resides in Port Orchard, Washington.

11. Plaintiff filed a tort claim with the City of McCleary more than sixty (60) days prior to the filing of this action.  Therefore, any of Plaintiff's claims

COMPLAINT FOR DAMAGES-3

against Defendants that required the filing of a tort claim with the City of McCleary pursuant to RCW 4.92.110--prior to bringing this action in this Court--have been properly filed, the administrative claim requirement has been met, and this Court has jurisdiction over this matter.

## IV. STATEMENT OF FACTS

12. On January 19, 2012, Officer Randy Bunch, an employee of the McCleary Police Department, arrested Robert Enriquez for an alleged assault. Officer Bunch was the lead investigator and made the decision to arrest Mr. Enriquez.

13. At the time of the arrest, Officer Bunch had a conflict of interest due to his personal relationship (of a sexual nature) with Robert Enriquez' wife, Jodi Enriquez. Although several other law enforcement officers were at the scene, Officer Bunch did not recuse himself. Instead, he acted as the lead investigator before and after the arrest.

14. The McCleary Police Department had no established policy or custom guiding police officers' conduct when a personal conflict of interest exists which may interfere (or appear to interfere) with the performance of officials' law enforcement duties.

15. When Officer Bunch arrived on the scene (allegedly, in response to a citizen's report), he found James Dunn and Robert Enriquez in the McCleary Police Department parking lot. Mr. Enriquez was holding a gun toward Mr. Dunn and the two were standing about ten feet apart.

COMPLAINT FOR DAMAGES-4

THE LEVINE LAW FIRM, PLLC
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
levine_law@comcast.net

16. Witnesses Dalton House and Skyler Swint were present during the entire incident and they both told Officer Bunch that Mr. Dunn had "tackled" Mr. Enriquez.

17. The witnesses both reported that James Dunn was the first aggressor.  In addition, Mr. Dunn admitted taking two steps toward Mr. Enriquez, grabbing his wrists, turning him around, and forcing Mr. Enriquez down to his knees.

18. Mr. Dunn is 6'4" tall and weighs 285 pounds; Mr. Enriquez is 5' 7" tall and weighs 155 pounds.

19. Mr. Enriquez—a firefighter with the Tacoma Fire Department and a fire commissioner with the City of McCleary—had a legally valid concealed weapons permit.

20. After the initial tackle by Mr. Dunn, Mr. Enriquez was able to gain control of his gun, which was in the inside of his pants.  It was not until Mr. Enriquez was on his knees that he grabbed for his gun.  Mr. Enriquez, having just been assaulted, believed that he was making a valid citizen's arrest.

21. According to witnesses, Mr. Enriquez pointed the gun at Mr. Dunn and directed him not to move; he directed the witnesses to call 911 and they waited for police to arrive.

22. Witness statements and 911 calls reflect that Mr. Enriquez said "I am making a citizen's arrest" several times as he kept the gun trained on Mr. Dunn.

23. When Officer Bunch arrived, Mr. Enriquez complied with orders and cooperated with police.

COMPLAINT FOR DAMAGES-5

24. Despite the evidence which supported the arrest of Mr. Dunn as the assailant, Officer Bunch made the decision to arrest *Mr. Enriquez*, and Officer Bunch immediately labeled Mr. Enriquez the "suspect" and Mr. Dunn, the "victim". Mr. Dunn was *not* arrested.

25. Officer Bunch characterized Mr. Enriquez' conduct as "assault in the first degree" even though the facts clearly tended to show that Mr. Dunn was the aggressor and that Mr. Enriquez acted in self-defense.

26. Mr. Enriquez was booked into the Grays Harbor Jail and appeared before a Grays Harbor District Court Judge on January 20, 2012.

27. Officer Bunch's report was the basis for the Certificate of Probable Cause. This report, written by Officer Bunch, was relied upon by the Grays Harbor Prosecutor's Office, as well as the Grays Harbor Superior Court in its decision to criminally charge Mr. Enriquez.

28. By information filed on February 6, 2012, the State charged Mr. Enriquez with Assault in the First Degree.

29. On April 9, 2012, the State filed an amended information charging Mr. Enriquez with Assault in the Second Degree with a firearm enhancement.

30. On July 9, 2012, defense counsel for Mr. Enriquez in the criminal case— John Henry Browne and Emily Gause—subpoenaed the phone records for Jodi Enriquez' cell phone.

31. The subpoenaed phone records were produced on July 23, 2012. The phone records reflect that—in the 4-day period before and after Officer Bunch's arrest of Mr. Enriquez (January 18 to January 22, 2012)—there were *218 contacts* between Officer Bunch and Jodi Enriquez; the wife of Robert Enriquez. Due to the time that had elapsed since the arrest, there was no

THE LEVINE LAW FIRM, PLLC
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
levine_law@comcast.net

record of the content of the telephone contact; just the dates and times on which the contacts occurred.

32. The phone records indicate that, on January 19, 2012, just one minute after Officer Bunch arrived on the scene (according to the CAD report), he had telephone contact with Jodi Enriquez.  Shortly thereafter, Jodi Enriquez drove by the scene and observed Mr. Enriquez in custody.

33. On July 25, 2012, defense counsel and defense investigator Jim Harris conducted defense witness interviews at the Grays Harbor Prosecutor's Office.  Kraig Newman, deputy prosecuting attorney, was present.  Also present at defense expense was a court reporter, Connie Church.

34. During the July 25, 2012 interviews, defense counsel interviewed Officer Randy Bunch.

35. John Henry Browne asked Officer Bunch if he knew Jodi Enriquez.  Officer Bunch responded, "Yeah, I know who she is."

36. Mr. Browne asked Officer Bunch if he had some kind of relationship with her.  Officer Bunch said "no."

37. Mr. Browne then questioned Officer Bunch about the phone records that had been obtained for Jodi Enriquez and Officer Bunch.

38. When asked "Do you remember having contact with her at all in the midst of—in any shape or form—in the midst of all of what happened on the 19th?", Officer Bunch responded with "Not to my knowledge.  I don't recall. I don't know."

39. Finally, Mr. Browne asked Officer Bunch if he had ever had a sexual relationship with Jodi Enriquez.  Officer Bunch asked to take a short recess to speak to the prosecutor.

THE LEVINE LAW FIRM, PLLC
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
levine_law@comcast.net

40. When Officer Bunch and Prosecutor Kraig Newman came back into the interview room, Mr. Browne asked the question again: "Did you have a sexual relationship with Jodi?" Officer Bunch responded: "Yes."

41. As a result of the phone records obtained by subpoena, Mr. Enriquez' attorneys learned that a sexual relationship existed between Officer Bunch and Robert Enriquez' wife, Jodi Enriquez, prior to and until the time of the January 19, 2012 incident where Officer Bunch arrested Mr. Enriquez.

42. Shortly after Officer Bunch's admission to Mr. Browne, the interview was terminated.

43. Police Chief George Crumb knew or should have known about the conflict of interest of Officer Bunch.

44. Chief Crumb took no immediate or prompt corrective or disciplinary action against Officer Bunch for his misconduct and thereby ratified that conduct.

45. Criminal charges for felony assault were brought against Mr. Enriquez as a result of his unlawful arrest by Officer Bunch and the McCleary Police Department's actions or failure to act following his unlawful arrest.

46. As a result of his unlawful arrest and the criminal charges, Mr. Enriquez lost joint custody of his two children, and his wife, Jodi Enriquez, was awarded sole custody of the couple's children. The Court in the family law case relied upon the allegations contained in Officer Bunch's report.

47. Mr. Enriquez was terminated from his firefighter position with the Tacoma Fire Department due to his unlawful arrest and criminal charges. The Tacoma Fire Department relied on Officer Bunch's report in making the decision to prematurely fire Mr. Enriquez.

COMPLAINT FOR DAMAGES-8

48. Mr. Enriquez lost his position as Fire Commissioner for the City of McCleary, as a result of his false arrest and the criminal charges.  He also lost his position as a volunteer firefighter with the City of McCleary as well.

49. On January 10, 2013, Mr. Enriquez was acquitted on all criminal charges.

## V.  CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF

### Constitutional and Civil Rights Violations Under 42 U.S.C. δδ 1983, 1988
### Violation of Fourth Amendment
### (Against Officer Randy Bunch and Chief of Police George Crumb)

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49, as if fully set forth herein and further alleges:

51. That the investigation, arrest and detention of Plaintiff were without probable cause and in violation of Plaintiff's clearly established federal rights under the U.S. Constitution.

52. That Officer Bunch was the lead investigating officer, and the person in charge of the crime scene.

53. That Officer Bunch made the initial decision to label Mr. Enriquez as the suspect, and also made the decision to arrest Mr. Enriquez.

54. That Officer Bunch's motives and reasons for investigating Mr. Enriquez, arresting Mr. Enriquez, and participating in the criminal prosecution of Mr. Enriquez were biased and fraught with conflict of interest issues.

55. That Officer Bunch did not arrest Mr. Enriquez to protect the public or prevent crime—instead, his arrest of Mr. Enriquez was influenced by his

THE LEVINE LAW FIRM, PLLC
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
levine_law@comcast.net

general dislike toward Mr. Enriquez and his inappropriate affair with Mr. Enriquez' wife.

56. That Officer Bunch's police report was the basis for the certificate of probable cause.

57. That Chief Crumb knew or should have known about the existence of a conflict of interest on the part of Officer Bunch.

58. That Chief Crumb ratified the actions of Officer Bunch, which violated the well-established federal rights of Plaintiff.

59. That as a result of Officer Bunch's undisclosed conflict of interest and bias, Plaintiff was first charged by information with Assault in the First Degree, and was subsequently charged by amended information with Assault in the Second Degree, with a firearm enhancement, without probable cause and in violation of his rights under the U.S. Constitution and the Washington Constitution.

60. That Officer Bunch had ample opportunity to recuse himself, notify his superiors about the existence of the conflict of interest, and cease participation in the criminal prosecution.  Instead, Officer Bunch concealed his relationship with Jodi Enriquez for 6 months, and lied to defense counsel when first asked about this relationship, only admitting to the relationship after a series of questions concerning the voluminous amount of phone calls between Officer Bunch and Jodi Enriquez around the time of the incident.

61. That Officer Bunch's actions constitute a willful and knowing violation and deprivation of rights secured by the United States in violation of 42 U.S.C., Section 1983; specifically, the right to be free from excessive and unreasonable police action; the deprivation of liberty without due process of

**THE LEVINE LAW FIRM, PLLC**
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
levine_law@comcast.net

law; the right to be secure against unreasonable searches and seizures; and the right to equal protection of the laws.

62. That the acts of Defendant Bunch were in violation of Plaintiff's federal constitutional rights, and justify punitive damages;

63. That the Plaintiff is entitled to recover against all defendants for injuries, damages and losses proximately caused by their conduct as set forth in this Complaint.

### SECOND CLAIM FOR RELIEF

### Violation of Civil Rights—42 U.S.C. section 1983
### *Monell* claim against CITY, CRUMB, BUNCH

64. Plaintiff re-alleges and hereby incorporates by reference paragraphs 1 through 63, above, as if fully set forth herein.

65. Defendants City of McCleary and Chief Crumb had a duty to adequately train, supervise and discipline their police officers in order to protect members of the public, including Plaintiff, from being unlawfully arrested arrested.  As part of this duty, Defendants City of McCleary and Crumb had a duty to train their police officers with regard to the importance of avoiding conflicts of interest in the performance of their duties as police officers.

66. A review of the City of McCleary employee handbook and City of McCleary Police Department Standard Operating Procedures reveals that these documents do not discuss—in any way, shape or form—the importance of police officers avoiding conflicts of interest in the performance of their duties.  A review of Officer Bunch's personnel files reveal no training involving the importance of City of McCleary police officers avoiding a conflict of interest in the performance of their duties.

THE LEVINE LAW FIRM, PLLC
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
levine_law@comcast.net

67. Defendants City Of McCleary and Crumb were deliberately indifferent to such duties and, given defendant Bunch's clear conflict of interest with regard to his investigation, arrest, and participation in the prosecution of Mr. Enriquez, thereby proximately caused injury to Plaintiff as complained of herein.

68. On November 20, 2012, fully 10 months after Officer Bunch arrested Mr. Enriquez and nearly 5 months after defense counsel for Mr. Enriquez interviewed Officer Bunch and confronted him with evidence of his conflict of interest, the Mayor of Defendant City of McCleary gave a written reprimand to Officer Bunch, in what is commonly known as a "CYA" letter.

69. Based upon information and belief, there are still no relevant conflict of interest prohibitions in the City of McCleary Employment Manual or the City of McCleary Police Department Standard Operating Procedures.

## THIRD CLAIM FOR RELIEF

### False Arrest

70. That the Plaintiff hereby incorporates by reference paragraphs 1 through 69, as if fully set forth herein.

71. That the Defendants intended to restrict the Plaintiff's freedom of movement. The Plaintiff's freedom of movement was directly restricted by the acts of the defendant by illegally stopping, detaining, investigating and arresting the Plaintiff without reasonable suspicion or probable cause.

72. That the Plaintiff was aware that his freedom of movement was restricted and that he suffered great humiliation, injury to reputation, emotional

THE LEVINE LAW FIRM, PLLC
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
levine_law@comcast.net

injuries, and damages as a result of being falsely arrested and detained for investigation of assault with firearm enhancement.

73. That the Defendants have caused damages to the Plaintiff by the false arrest and detention of the Plaintiff, and Plaintiff is entitled to recover against the defendants for injuries, damages and losses proximately caused by their false arrest as set forth in this Complaint.

## FOURTH CLAIM FOR RELIEF

### Negligent Infliction Of Emotional Distress

74. Plaintiff hereby incorporates by reference paragraphs 1 through 73 above as if fully set forth herein.

75. That the Defendants, by their actions as set forth above, were negligent.

76. That the Defendants' negligence created an unreasonable risk of harm to the Plaintiff.

77. That the Defendants have directly and proximately caused, by way of their negligence, infliction of emotional distress upon the Plaintiff, and the injuries, damages and losses set forth herein; and the Plaintiff is entitled to recover against the Defendants for damages caused by their conduct as set forth in this Complaint.

## FIFTH CLAIM FOR RELIEF

### Outrageous Conduct

78. That the Plaintiff hereby incorporates by reference paragraphs 1 through 76 above as though fully set forth herein.

COMPLAINT FOR DAMAGES-13

THE LEVINE LAW FIRM, PLLC
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
levine_law@comcast.net

79. That the Defendant's actions as set forth herein, were outrageous, intolerable and so extreme as to exceed all bounds of decency which prevail in civilized communities and societies.

80. That the Defendants, by their actions as set forth herein, intended to inflict irreparable damage to the Plaintiff's reputation, good name, honor, integrity and respect in the community.

81. That as a direct and proximate result of the Defendants' outrageous conduct, as set forth herein, the Plaintiff has suffered loss of his reputation, good name, honor, integrity and respect in the community.

82. That the Defendants have caused the injuries, damages and losses to the Plaintiff by their outrageous conduct, and the Plaintiff is entitled to recover against the defendants for the injuries, damages and losses set forth herein.

## SIXTH CLAIM FOR RELIEF

### Negligent Supervision

83. That the Plaintiff hereby incorporates by reference paragraphs 1 through 81 above as if fully set forth herein.

84. That the Defendants Chief Crumb and the City of McCleary are required to supervise the actions of its police officers.  Defendants Randy Bunch and George Crumb are employees of the City of McCleary Police Department.

85. That the Defendant City of McCleary has caused damages to the Plaintiff by way of its negligent supervision; and the Plaintiff is entitled to recover against Defendant City of McCleary, for his injuries, damages and losses caused by the City of McCleary Police Department's conduct, as set forth herein.

THE LEVINE LAW FIRM, PLLC
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
levine_law@comcast.net

## SEVENTH CLAIM OF RELIEF

### Negligent Training

86. That the Plaintiff hereby incorporates by reference paragraphs 1 through 84 above as though fully set forth herein.

87. That the Defendant City of McCleary created an unreasonable risk of harm to the Plaintiff by failing to adequately train its employees Defendants Randy Bunch and George Crumb.   Specifically, the Defendant was negligent for failing to adequately train its employees regarding conflicts of interests.

88. That the Defendant caused injuries, damages and losses to the Plaintiff by virtue of its negligent training; and the Plaintiff is entitled to recover against the defendant for the injuries, damages and losses caused by the Defendants conduct as set forth herein.

## EIGHTH CLAIM FOR RELIEF

### Malicious Prosecution

89. That the Plaintiff incorporates by reference paragraphs 1 through 87 above as if fully set forth herein.

90. That the criminal charges filed against Plaintiff, termination of Plaintiff's employment, and loss of custody of his children in divorce proceedings, was a direct result of the negligent or intentional actions of the defendants.

91. That the arrest of Plaintiff was made by the Defendant, Officer Bunch, without probable cause and due to the arresting officer's undisclosed sexual relationship with Plaintiff's wife.

COMPLAINT FOR DAMAGES-15

92. That the arrest was motivated by malice and/or conflict of interest or other improper purposes against Plaintiff.

93. That the Defendants have caused injuries, damages and losses to the Plaintiff by way of their malicious prosecution of the Plaintiff; and the Plaintiff is entitled to recover against the Defendants for all such damages caused by their conduct as set forth herein.

## NINTH CLAIM FOR RELIEF

### Punitive Damages

94. That the Plaintiff hereby incorporates by reference paragraphs 1 through 92 as if fully set forth herein.

95. That the aforementioned acts, omissions and violations of the individual Defendants, Bunch and Crumb, were attended by wanton and willful disregard for the rights and feelings of the Plaintiff; thus, entitling the Plaintiff to recovery of punitive damages against the Defendants in their individual capacities.

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff sues for relief as set forth below:

96. For general damages in the amount of to be proven at trial;

97. For special damages in an amount to be determined at trial, including lost wages from loss of employment;

98. For punitive damages against individual Defendants in the amount of $500,000 each;

99. For costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. Sections 1983 and 1988, including the costs of this lawsuit, expert witness

COMPLAINT FOR DAMAGES-16

THE LEVINE LAW FIRM, PLLC
108 So. Washington St., Suite 306
Seattle, WA 98104
((360) 860-1211
levine_law@comcast.net

fees, witness fees, deposition costs and such other and further relief as the Court may deem just and proper;

100.    For declaratory and injunctive relief and all other relief to which Plaintiff may be legally entitled.

THE PLAINTIFF HEREBY REQUESTS A JURY TRIAL.

Dated this 19th Day of January, 2015.

THE LEVINE LAW FIRM, PLLC

/s/ Kany M. Levine_____

By:    KANY M. LEVINE,
Attorney for Plaintiff
WSBA No. 18969

COMPLAINT FOR DAMAGES-17